[No. 13438. Department One. January 13, 1917.]

WALLACE BINGHAM, *as Executor etc., Respondent*, v. S. P. DOMER *et al., Appellants.*[1]

BILLS AND NOTES — PAYMENT—EVIDENCE—SUFFICIENCY. Payment of a note which bore indorsements of principal and interest in the handwriting of the maker, is not proven by receipts and cancelled checks, made on the dates the credits were made on the note, and which might have applied to other transactions between the parties.

SAME—PAYMENT—SERVICES—PLEADINGS. In an action upon a note, services rendered to the payee cannot be shown under a plea of payment.

APPEAL—REVIEW—OBJECTIONS NOT MADE BELOW. A judgment will not be reversed for a small excess in calculating interest, where the objection was first raised on appeal.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered June 14, 1915, upon findings in favor of the plaintiff, in an action on a promissory note, tried to the court. Affirmed.

*S. P. Domer*, for appellants.

*Albert G. Starkey* and *Clyde H. Belknap*, for respondent.

PER CURIAM.—The respondent, as executor of the estate of Lucius Bingham, deceased, brought this action against the appellants to recover upon a promissory note. The making of the note was not disputed, the issues turning on the amount due thereon. The note bore certain indorsements of interest and principal in the handwriting of the appellant S. P. Domer. These items the court allowed as credits on the note. The appellants sought to show other items, such as receipts for money paid given by the deceased to the ap-

[1]Reported in 162 Pac. 355.

pellant S. P. Domer, checks drawn in favor of the deceased bearing the deceased's indorsement, and legal services performed by S. P. Domer for the deceased. These the court disallowed, the appellants contend, erroneously.

It is our opinion that the ruling of the trial court should be sustained. The burden of proving payment was upon the appellants. In making proof they were hampered by the statute relating to the exclusion of testimony where one of the parties sues or defends as executor or administrator of another; but giving them the benefit of the most liberal rule, we do not think the evidence justified treating the disputed items as payments on the note. Aside from the fact that certain of the credits on the note were made at the date of these receipts and checks, and were, as we say, in the handwriting of S. P. Domer, other transactions between the parties were shown to which they might equally apply. The value of the services rendered could not be shown as a payment. While the appellants might perhaps set them forth as a counterclaim, had they seen fit to do so, they cannot be shown under a plea of payment.

Complaint is made that the judgment is too large under the court's own theory of the case. The claim is that interest was calculated at an excess of that provided in the note. The amount is not very considerable, and as it is raised for the first time in this court, we do not think it justifies a reversal.

The judgment is affirmed.