[No. 13437.  Department One.  January 13, 1917.]

WALLACE BINGHAM, *as Executor etc., Respondent,* v. S. P.
DOMER *et al., Appellants.*[1]

HUSBAND AND WIFE—JUDGMENT AGAINST HUSBAND—SEPARATE DEBT
—FORM—LIABILITY OF COMMUNITY.  A provision in a judgment au-
thorizing execution against "any property" of the defendant, per-
sonally and as administrator of the estate of a joint obligor, is not
erroneous in that it authorizes execution against the community
property of defendant and wife; as the provision in question adds
nothing to the effect of the judgment, which can only be satisfied
from the separate property of the defendant if it is based on a
separate debt.

Appeal from a judgment of the superior court for Spokane
county, Kennan, J., entered June 14, 1915, upon findings in
favor of the plaintiff, in an action on a promissory note, tried
to·the court.  Affirmed.

*S. P. Domer,* for appellants.

*Albert G. Starkey* and *Clyde H. Belknap,* for respondent.

PER CURIAM.—This is a companion case to that of *Bingham
v. Domer, ante* p. 253, 162 Pac. 355; the distinguishing
feature being that the note was signed not only by S. P.
Domer, but by H. R. Creighton, now deceased, of whose
estate Domer is administrator.

The question with reference to payment is sufficiently dis-
cussed in our former opinion.  The judgment is a personal
judgment against the defendant Domer, he not having been
served in his capacity as administrator of the estate of
Creighton.  The judgment provides, however, that execution
issued thereon may be satisfied out of "any property belong-
ing jointly to S. P. Domer and S. P. Domer as the adminis-
trator of the estate of H. R. Creighton, deceased."  It is

[1]Reported in 162 Pac. 355.

urged that this proviso is erroneous because it authorizes an execution against the community interest of S. P. Domer and Amelia E. Domer in any property owned by them jointly with the estate of H. R. Creighton, deceased. But we cannot so construe it. The proviso adds nothing to the effect of the judgment. If the judgment is based upon the separate obligation of S. P. Domer, it can only be executed against his separate property; if it is based upon a community obligation, the fact may be otherwise; but if so, it depends on the nature of the debt, not upon the proviso against which the complaint is made.

The judgment is affirmed.